UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Linda Cash,

                          Plaintiff,

vs.

                                              **COMPLAINT**

State University of New York, Genesee Community College,

                          Defendant.

Plaintiff Linda Cash ("Plaintiff" or "Ms. Cash") brings the following complaint:

## PARTIES

1. The Plaintiff, Linda Cash, is a natural person with a place of residence 120 Olean Street, Angelica, New York 14709

2. Defendant State University of New York, Genesee Community College ("Defendant") is a corporate entity with offices located at 1 College Road, Batavia, NY 14020.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983.

4. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Subsequently, the EEOC mailed Plaintiff a 'Right to Sue 'letter proving that he has exhausted his administrative remedies under Title VII.

## MATERIAL FACTS

8. Ms. Cash has disabilities.

9. Ms. Cash was born on March 21, 1960. Ms. Cash is about 62 years of age.

10. Ms. Cash identifies as a lesbian woman.

11. Her disabilities are an injury to her shoulder that substantially limits her daily activities, including driving, typing, and other tasks.

12. The Defendant is well aware of Ms. Cash's disability. Under doctor's orders, Ms. Cash requested reasonable accommodation from the Defendant on the basis of her shoulder injury and subsequent disability.

13. Initially, the Defendant made some accommodation for Ms. Cash's disability, which placed no undue burden on the Defendant.

14. However, the Defendant later denied Ms. Cash reasonable accommodation for the same disability and refused to engage in an interactive dialogue with Ms. Cash regarding the disability or reasonable accommodation for her disability, despite Ms. Cash being under doctor's orders.

15. Instead, the Defendant substantially changed Ms. Cash's job duties and responsibilities, which increased her commute to far-away job sites, and violated the doctor's orders to which Ms. Cash was subject.

16. Ms. Cash was the only known lesbian, gay, transgendered, queer, or intersex (LGTQI) employee in her department.

17. While Ms. Cash had her job duties and responsibilities substantially changed, other non-LGTQI individuals did not have their job duties or responsibilities substantially changed.

18. While Ms. Cash had her job duties and responsibilities substantially changed, other non-disabled individuals did not have their job duties or responsibilities substantially changed.

19. Beginning in September 2021, Ms. Cash's hours were reduced to only one day per week, except on rare occasions when she might be assigned to an addition and occasional event in Allegany County.

20. While Ms. Cash had her job duties and responsibilities substantially changed, other younger individuals did not have their job duties or responsibilities substantially changed.

21. On September 29th Ms. Cash's then-supervisor, Staci Williams, disclosed Ms. Cash's medical condition to the then-assistant director Kristen Gregory without Ms. Cash's permission.

22. More recently acting HR director, Gina Weaver, sent confidential and sensitive emails discussing her condition to Ms. Cash's colleague Anita Strollo.

23. Ms. Cash reported sexual harassment by Kate Trombley to the Human Resources (HR) department of the Defendant on or about February 2019.

24. Ms. Cash engaged in protected activity by complaining of discrimination on the basis of disability to her employer.

25. Ms. Cash engaged in protected activity by complaining of discrimination on the basis of sex (specifically sexual harassment and sexual orientation) to her employer.

26. Ms. Cash engaged in protected activity by complaining of discrimination on the basis of age to her employer.

27. The Defendant's inaction to address any of Ms. Cash's complaints constitute a hostile work environment for Ms. Cash.

28. Defendant's actions against Ms. Cash negatively affected her ability to perform a job that she loved, and effectively forced Ms. Cash into an early retirement, which further deprived her of years of salary and benefits.

**FIRST CAUSE OF ACTION**
**Discrimination and Retaliation on the Basis of Disability in violation of The Americans with Disabilities Act of 1990 (ADA)**

29. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

30. The *prima facie* elements of discrimination claims under ADA are "not onerous."[1] A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[2] Circumstantial evidence is by far the most common. A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[3]

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[3] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

**Element 1) Protected Classes**

31. Ms. Cash has a disability.

32. Ms. Cash is a lesbian woman.

33. Ms. Cash is about 62 years of age.

**Element 2) Adverse Actions**

34. The Defendant substantively changed Ms. Cash's job duties and work assignments following her request for reasonable accommodation.

35. The Defendant substantively changed Ms. Cash's job duties and work assignments following her complaint of harassment.

36. The Defendant substantively changed Ms. Cash's job duties and work assignments following her complaint of discrimination.

37. The actions of the Defendant affected her work load and negatively affected her income.

38. The actions of the Defendant affected her work load and negatively impacted future income and benefits, effectively forcing Ms. Cash into an early retirement.

39. Rather than take action to succor Ms. Cash, an employee of many years 'service, the Defendant instead chose to punish her for being disabled, old, female, and a lesbian.

**Element 3 (a) Plaintiff was Qualified for the Jobs Held and Applied for**

40. Ms. Cash is qualified for his position, as she has held it for years.

**Element 3 (b) Work was Still Being Performed**

41. As students still need to be taught and community members serviced, Ms. Cash's duties are still being performed.

42. It is well settled law articulated by the Supreme Court that these elements raise an inference of discriminatory and/or retaliatory intent on the basis of disability.

## SECOND CAUSE OF ACTION
### Violation of the Title VII of the Civil Rights Act of 1964, as amended

43. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

44. It is well settled that New York and federal anti-discrimination laws are analytically identical.[4]

45. Therefore, the First and Second causes of action have the same elements.

## THIRD CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act of 1967, as amended (ADEA)

46. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

47. It is well settled that New York and federal anti-discrimination laws are analytically identical.[5]

48. Therefore, the First and Third causes of action have the same elements.

## FOURTH CAUSE OF ACTION
### Violation of §1983 by Unlawful Deprivation of Plaintiff's Liberty Interests

49. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

---

[4] "The standards for recovery under section 296 of the Executive Law are in accord with Federal standards under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) (*see, e.g., Matter of Laverack & Haines v. New York State Div. of Human Rights,* 88 N.Y.2d 734, 738, 650 N.Y.S.2d 76, 673 N.E.2d 586; *Matter of Miller Brewing Co. v. State Div. of Human Rights,* 66 N.Y.2d 937, 938, 498 N.Y.S.2d 776, 489 N.E.2d 745)." Ferrante v Am. Lung Ass'n, 90 NY2d 623, 629 [1997]

[5] "The standards for recovery under section 296 of the Executive Law are in accord with Federal standards under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) (*see, e.g., Matter of Laverack & Haines v. New York State Div. of Human Rights,* 88 N.Y.2d 734, 738, 650 N.Y.S.2d 76, 673 N.E.2d 586; *Matter of Miller Brewing Co. v. State Div. of Human Rights,* 66 N.Y.2d 937, 938, 498 N.Y.S.2d 776, 489 N.E.2d 745)." Ferrante v Am. Lung Ass'n, 90 NY2d 623, 629 [1997]

50. In order to establish a violation of §1983, "two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980).

51. Ms. Cash's interest in her own good name and reputation is a fundamental constitutional right.[6]

52. Defendant is a public employer.

53. Defendant has employed Ms. Cash for years.

54. Defendant constructively dismissed Ms. Cash based on their inability to accommodate her disability.

55. Defendant's suspension of Ms. Cash necessarily implies that she has committed misconduct in the performance of her job duties which impugns his reputation and good name.

56. Defendant's actions were under color of law.

57. Defendant deprived Ms. Cash of her fundamental constitutional rights under color of law.

58. As a result of Defendants 'actions, Ms. Cash experienced loss of income, retirement benefits, fringe benefits, and fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

***

---

[6] Jenkins v. McKeithen, 395 U.S. 411, 423-24 [1969]

**WHEREFORE**, Ms. Cash respectfully requests this Court to enter an Order

A. Awarding Ms. Cash past lost wages and benefits in an amount to be determined at trial;

B. Awarding Ms. Cash damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in an amount to be determined at trial;

C. Directing Defendants pay all unreimbursed medical costs incurred by Ms. Cash as a result of the stress and anxiety resulting from the discrimination she suffered and the hostile working conditions he endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D. Awarding Ms. Cash future lost wages and benefits in an amount to be determined at trial;

E. Defendants pay Ms. Cash the costs of this action, together with reasonable attorneys 'fees and disbursements;

F. Ms. Cash to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

***

Dated: August 23, 2022
      Buffalo, New York

Respectfully submitted,
Plaintiff Ms. Cash by her Attorney

THE LAW OFFICE OF LINDY KORN PLLC

*/s/ Lindy Korn*

Lindy Korn, Esq.
*Attorney for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.com